IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHER LAND COMPANY DBA, OAKRIDGE SAND & GRAVEL, INC., Plaintiff, | ) | |
| v. | ) | No. 03-2185C (Judge Lettow) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in paragraph 3 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Denies the allegations contained in the first sentence of paragraph 5 and by way of further answer, defendant alleges

that the U.S. Department of Agriculture ("USDA") ordered a bulldozer from Oakridge (Resource Order No. E-45), and transportation for the bulldozer from Oakridge (Resource Order No. E-81); Oakridge substituted a Hyster trailer pulled by a dump truck in the place of a lowboy transport for the dozer. Defendant avers that this constitutes one piece of equipment. Admits the allegations contained in the second sentence of paragraph 5 that the Oakridge equipment began working under hire July 16, 2002, and was demobilized August 26, 2002; otherwise denies the allegations contained in the second sentence of paragraph 5.

6. Denies.

7. Admits the allegation contained in paragraph 7 that USDA paid Fisher Land Company ("Fisher") $29,611.95; denies the remainder of the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 constitute conclusions of law and plaintiff's characterization of this action to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Denies.

10. Admits the allegations contained in the first and second sentences of paragraph 10 to the extent supported by the claim and denial cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first

and second sentences of paragraph 10. The allegations contained in the third sentence of paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Denies plaintiff is entitled to the relief requested in the "wherefore" paragraph following paragraph 10, or to any relief whatsoever.

12. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

OF COUNSEL:

MARY E. SAJNA
Attorney
Office of the General Counsel
U.S. Department of Agriculture
Pacific Region-Portland Office
1220 S.W. Third Avenue
Room 1734
Portland, Oregon 97204-2825

S/ Cristina C. Ashworth
CRISTINA C. ASHWORTH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0282

November 17, 2003

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 17th day of November 2003, I caused to be sent by first-class mail, copies of "DEFENDANT'S ANSWER" addressed as follows:

David Wade
Doyle, Gartland, Nelson,
McCleery & Wade, P.C.
44 Club Road, Suite 200
P.O. Box 11230
Eugene, OR 97440-3430

S/ Cristina C. Ashworth