IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHER LAND COMPANY DBA, OAKRIDGE SAND & GRAVEL, INC., Plaintiff, | ) | |
| v. | ) | No. 03-2185C (Judge Lettow) |
| THE UNITED STATES, Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff asserts that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491(a)(1) and 41 U.S.C. § 609(a)(1). Defendant has identified no reason to question the jurisdiction of the Court at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case

before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties are not aware of any additional parties to be joined at this time.

g. Dispositive Motions

At this time, the parties cannot state whether dispositive motions will be filed. Plaintiff sees no basis for dispositive motions. After discovery has been completed, the defendant has indicated that it may submit a motion for summary judgment pursuant to RCFC 56.

h. Relevant Issues

Defendant and plaintiff do not agree upon the issues in this case. Pursuant to RCFC Appendix A, separate statements of the issue are included below:

Defendant's Statement of the Issues

(1) Whether the Emergency Equipment Rental Agreement ("EERA") constitutes a contract.

(2) Whether the contracting officer possessed the authority to enter into a EERA that deviated from the Northwest Interagency Recommended EERA Rates for 2002.

(3) Whether the mutual intent of the parties in entering into any agreement was to pay for both a dump truck and a trailer

transport separately, or to pay a single rate for a dump truck/trailer transport.

(4) Whether any alleged contract was ambiguous and whether plaintiff had a duty to inquire about any ambiguities in the purported contract.

(5) Whether plaintiff's continued performance after learning that the United States would only pay a single rate for the dump/truck trailer, mitigated any damages purportedly suffered.

Plaintiff's Statement of the Issues

(1) Whether the United States Department of Agriculture Forest Service ("USDA") issued a resource order to Plaintiff for a dump truck with Hyster tilt trailer pursuant to the EERA attached to the Complaint.

(2) Whether Plaintiff supplied the dump truck with Hyster tilt trailer to the USDA commencing July 16, 2002 and continuing through and including August 26, 2002.

(3) Whether before issuing the resource order, the USDA brought to Plaintiff's attention any error in the rates written into the EERA by the USDA contracting officer.

(4) If the contracting officer entered erroneous rates in the EERA, whether the USDA must take responsibility for its own mistakes or may impose responsibility for USDA's mistakes on those entering into EERAs with the USDA.

(5) Whether, when onsite USDA personnel advised Plaintiff that USDA would not pay the rates provided for in the EERA,

Plaintiff reasonably continued performance for five days while requesting confirmation of the notification from supervisors in the USDA and giving USDA three days notice of Plaintiff's intention to pull Plaintiff's equipment.

i. Settlement

At this time, the parties cannot state whether this case can be settled. The parties will pursue settlement negotiations in good faith as the litigation progresses. Plaintiff believes that if settlement negotiations fail, there should be a mandatory settlement conference prior to trial.

j. Trial

As stated above, after discovery has been completed, the defendant may submit a cross-motion for summary judgment pursuant to RCFC 56. If a dispositive motion is not submitted, or if it is not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling. Plaintiff has requested that trial be located as close to Eugene, Oregon as possible.

k. Electronic Case Management

The parties are not aware of any special issues regarding electronic case management needs at this time.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

Counsel for both parties believe that discovery will be necessary; the parties may conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose a discovery deadline of 90 days from the date of any scheduling order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ David Wade
DAVID WADE
Doyle, Gartland, Nelson,
McCleery & Wade, P.C.
44 Club Road, Suite 200
P.O. Box 11230
Eugene, OR 97440-3430
Tele: (541) 344-2174
DWade@DGNMW.com

Attorney for Plaintiff

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify under penalty of perjury that on this 6th day of February 2003, I caused to be sent by first-class mail, copies of "JOINT PRELIMINARY STATUS REPORT" addressed as follows:

David Wade
Doyle, Gartland, Nelson,
McCleery & Wade, P.C.
44 Club Road, Suite 200
P.O. Box 11230
Eugene, OR 97440-3430

S/ Steven M. Mager